The judgment of the court was pronounced by
Slidell, J.
The plaintiffs became, in the spring of 1846, the holders of two notes of the defendant, each for $2000, one due 1st April, 1846, the other due 1st April, 1847, both bearing interest at ten per cent after maturity, and secured by mortgage of a plantation belonging to the defendant. On the 3d of March, 1847, the plaintiffs advanced to her a sum of $1420, and on the 7th May *570 a further sum of $300, at six per cent interest. In the years 1846, 1847 and 1848, the defendant made shipments of sugar to the plaintiffs, the nett proceeds of which were sufficient to pay the mortgage notes and interest, if applied to them, and not to the total amount of the defendant’s indebtedness. The question is whether the defendant has a right to have the imputation made to the mortgage notes.
We have no evidence before us showing under what agreement, as to the application of proceeds, the sugar was shipped, nor that the defendant has ever expressly or impliedly assented to any other imputation than that which she claims. If there was any such agreement, either express or resulting from the correspondence or course of dealing of the parties, it should have been proved. In the absence of such proof, we consider the case as controlled by the text and spirit of articles 2161 aud 2162 of our code. “When the debtor of several debts has accepted a receipt, by which the creditor has imputed what he has received to one of the debts specially, the debtor can no longer require the imputation to be made to a different debt, unless there has been fraud or surprise on the part ©f the creditor. When the receipt bears no imputation, the payment must be imputed to the debt which the debtor had at the time most interest in discharging, of those that are equally due, otherwise to the debt which has fallen due, though less burthensome than those which are not yet payable. If the debts be of like nature, the imputation is made to the less burthensome; if all things are equal, it is made proportionally.”
The judgment of the district court is therefore affirmed, with costs.